# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TUSCARORA WAYNE INSURANCE COMPANY a/s/o EL 17th, LLC**<br>41908 Route 6<br>Wyalusing, Pennsylvania 18853<br><br>　　　　Plaintiff,<br><br>v.<br><br>**EL 17th LLC**<br>89 N. Monroe Avenue<br>Columbus, OH 43203<br><br>**Serve on Registered Agent**:<br>Berta Z. Castellanos<br>89 N. Monroe Avenue<br>Columbus, OH 43203<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No. 2:25-cv-1498<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Tuscarora Wayne Insurance Company, by and through its undersigned attorneys, hereby file this Complaint against Defendant, EL 17th LLC, and avers as follows:

## PARTIES

1. Plaintiff, Tuscarora Wayne Insurance Company ("Tuscarora"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located on Route 6 in Wyalusing Pennsylvania

2. Defendant, EL 17th LLC ("EL 17th") is a domestic, for profit limited liability corporation business existing under the laws of the State of Ohio, with a principal place of business located at 89 N. Monroe Avenue, Columbus, Ohio 43203.

3. Defendant EL 17th's Registered Agent in the State of Ohio is Berta Z. Castellanos with a service address of 89 N. Monroe Avenue, Columbus, Ohio 43203.

4. At all times material hereto, Plaintiff Tuscarora was duly authorized to issue policies of insurance within the State of Ohio.

5. Defendant, EL 17th is, upon information and belief, engaged in the business of, *inter alia*, owning commercial real estate and apartment complexes.

## JURISDICTION AND VENUE

6. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a), as the acts and omissions that gave rise to this matter took place in this jurisdiction.

## FACTS

8. Tuscarora issued policy number CP00027159 with effective dates of February 26, 2023 through February 26, 2024 to EL 17th LLC (the "Tuscarora Policy") to insure a 10 unit apartment building located at 155 North 17th Street in Columbus, Ohio 43203 (the "Property").

9. EL 17th contracted with and retained RL Property Management Group ("RL Property") for the purpose of managing the Property, to include collecting rents, maintaining the premises, and conducting day-to-day business with the tenants.

10. Prior to January 1, 2024, unit "E" at the Property was rented to an individual named Dornail Simpson.

11. A fire occurred in Mr. Simpson's tenancy on January 1, 2024.

12. The fire in question was deemed to be the responsibility of Mr. Simpson for the careless misuse of an extension cord which caused the fire.

13. The fire caused substantial damage to unit E, as well as other units within the Property owned by EL 17th.

14. RL Property maintained a policy of insurance with Concert Specialty Insurance Company (the "Concert Policy") for the benefit of the owner, EL 17th and its tenants.

15. The Concert Policy contained coverage for property damage, to include fire damage to the landlord's property that occurs within a tenancy, regardless of fault.

16. Defendant RL Property submitted adjustment invoices and estimates to Concert Specialty Insurance Company, representing that EL 17th sustained over $100,000 for damages to the Property arising from the fire.

17. Tuscarora Wayne duly paid over $199,879.39 for fire damage to the Property and lost rental income pursuant to the Tuscarora Policy.

18. The Tuscarora Policy provides the following provision with respect to the transfer of rights to recovery against others to Tuscarora Wayne:

> If the insured has rights to recover all or part of any payment we [Tuscarora] have made under this coverage part, those rights are transferred to us [Tuscarora]. The insured must do nothing to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help enforce them.

19. EL 17th did not incur any costs for the repair and renovation of the Property due to the damage from the fire which were not otherwise covered under the Tuscarora Policy.

20. By accepting the insurance proceeds from the Concert Policy, EL 17th was unjustly enriched by the payment of insurance proceeds for damages which it did not incur to the detriment of Tuscarora Wayne.

## COUNT I:  BREACH OF CONTRACT

21. Plaintiff incorporates the previous paragraphs, by reference.

22. The Tuscarora Policy constitutes an enforceable contract between Tuscarora Wayne Insurance Company and EL 17th, LLC with specific terms and obligations.

23. Among the obligations contained within the Tuscarora policy, EL 17th agreed to transfer rights of recovery against others to Tuscarora Wayne.

24. Pursuant to the terms of the Policy, Defendant EL 17th agreed to cooperate with Tuscarora Wayne and assist in the recovery of insurance proceeds paid by Tuscarora Wayne for damages incurred by the fire.

25. By accepting insurance proceeds directly attributed to the fire damage, EL 17th has breached its contract of insurance with EL 17th and was unjustly enriched in the amount of $100,000.

26. Defendant EL 17th's breach of the material terms of the Tuscarora policy constitutes a breach of contract and subjects the Defendant to damages directly related to the breach.

WHEREFORE, Plaintiff demands judgment against Defendant EL 17th LLC in the amount of $100,000.00 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.


## COUNT II—UNJUST ENRICHMENT

27. Plaintiff repeats and reiterates the preceding paragraphs as though set forth fully herein.

28. Tuscarora Wayne conferred a benefit upon Defendant EL 17th, LLC by paying insurance proceeds in the amount of $199,879.39 to the Defendant to repair fire damage to the Property.

29. Defendant EL 17th received insurance benefits pursuant to the Concert Policy in the amount of $100,000 for the same damages that were paid by Plaintiff Tuscarora Wayne.

30. Defendant EL 17th, LLC had full knowledge and awareness that its receipt of $100,000 from the Concert Policy represented a windfall to Defendant EL 17th in that it had already received full payment of insurance proceeds from Tuscarora Wayne for damage to the Property arising from the fire.

31. Defendant EL 17th, LLC has been unjustly enriched by the retention of the $100,000 payment made pursuant to the Concert Policy and the retention of such benefits represents an unjust enrichment to Defendant EL 17th.

WHEREFORE, Plaintiff demands judgment against Defendant EL 17th LLC in the amount of $100,000.00 together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

Dated: December 22, 2025

/s/ Andrew P. Avellano
Andrew P. Avellano, Esquire (0062907)
Andrew P. Avellano, LLC
4200 Regent Street, Ste. 200
Columbus, OH  43219
(614) 237-8050
(614) 237-3505 Fax
andy@drewavo.com

/s/ Mark E. Utke
Mark E. Utke, Esquire (0088559)
Cozen O'Connor, P.C.
1650 Market Street-Suite 2800
Philadelphia, PA 19103
(215) 665-2164
(215) 665-2013 Fax
mutke@cozen.com

*Attorneys for Plaintiffs*