**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TUSCARORA WAYNE INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**Civil Action 2:25-cv-1498**
**Magistrate Judge Chelsey M. Vascura**

**EL 17TH LLC, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

In this diversity action, Plaintiff, Tuscarora Wayne Insurance Company, sues Defendants, El 17th LLC and Joseph M. Pfeffer, for breach of contract and unjust enrichment. (Am. Compl., ECF No. 10.) This matter is before the Court on Defendant Pfeffer's Motion to Dismiss (ECF No. 17.) Therein, Pfeffer argues that Plaintiff has not sufficiently alleged that Pfeffer is either a party to the contract at issue or subject to piercing the corporate veil of the contract party El 17th LLC; nor has Plaintiff sufficiently alleged that Plaintiff conferred a benefit on Pfeffer. (*Id.*) Plaintiff disagrees that its allegations are insufficient, but also seeks leave to amend its complaint with additional factual allegations concerning Pfeffer's involvement in El 17th LLC. (Pl.'s Mem. in Opp'n, ECF No. 21.) On reply, Pfeffer opposes any amendment because Plaintiff did not attach a proposed amended complaint to its memorandum. (ECF No. 22.)

The undersigned construes Plaintiff's Memorandum in Opposition (ECF No. 21) as a motion for leave to amend its complaint under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so

requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

The Court finds no undue delay or bad faith on Plaintiff's part. Plaintiff sought leave to amend on June 15, 2026, prior to the June 23, 2026 deadline for motions to amend the pleadings. (Prelim. Pretrial Order, ECF No. 15.) Nor would Defendants be prejudiced by amendment at this stage, when discovery remains open for another six months.

It is true that a "bare request" to amend a pleading may be denied when the proposed amendments are not disclosed. *See Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006); *Wagner v. Circle W. Mastiffs*, 732 F. Supp. 2d 792, 809 (S.D. Ohio 2010). The undersigned therefore encourages Plaintiff to provide a copy of the proposed amended pleading to opposing counsel when seeking Defendants' consent or leave of Court to amend in the future. However, the Court's preference for deciding cases on the merits rather than on technicalities,

combined with the early stage of the case and the lack of any prejudice to Defendants, weighs in favor of permitting amendment.

Accordingly, Plaintiff's motion for leave to amend the complaint (ECF No. 21) is **GRANTED**. Plaintiff is **ORDERED** to file a Second Amended Complaint **WITHIN FOURTEEN DAYS** of the date of this Order. Pfeffer's Motion to Dismiss (ECF No. 17) is **DENIED AS MOOT**. Pfeffer remains free to seek dismissal of Plaintiff's Second Amended Complaint.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE